13 97
f118 302
120 41

## SUCCESSION OF CHARLOTTE AGUILLARD.

In the partition of a succession it is not proper, where a part of the heirs have purchased property, to form lots of the notes of the heirs, who were purchasers, with the cash, thus compelling the heirs who had not purchased to receive a part in the notes of their co-heirs. In such case the obligations of the heirs purchasing at the sale should be assigned to them.

When the mass of the succession to be divided is of such a character that it cannot be formed into lots without manifest injury to the parties, that formality is not required.

A partition will be set aside where a minor heir is represented by his tutor who is himself a party to the partition. The objection need not have been made by way of opposition before the notary, before whom no contestation could have been made concerning it.

The under-tutor, if he be not interested adversely to the minors, properly represents them all in a partition where there is no division to be made of the share of the minors *inter se.*

The heirs purchasing at the succession sale are chargeable with the interest stipulated in their notes from maturity until the day of the formation of the mass of the estate for partition.

The notary must be assisted by experts in making a partition. C. C., 1289.

APPEAL from the District Court of the parish of Pointe Coupée, *Ratliff*, Judge of the Seventh District, presiding. *Provosty*, for opponent and appellant. *W. H. Cooley*, for appellee.

MERRICK, C. J. This is an appeal from a decree homologating a partition taken by *Aurélie Robillard* and other heirs of the deceased.

The assets to be partitioned consisted of cash in the hands of the administrator and the matured notes and notes not yet due of the heirs and others.

The appellants complain of the partition made by the notary on the following among other grounds, viz:

1st and 2d. That the notary allotted the shares to the heirs, instead of forming lots, and allowing the heirs to draw for the same. It is true, that the Civil Code, Art. 1289, directs the formation of lots, and that the same be drawn by the co-heirs, but this is not possible in all cases, and in some, it would be an idle ceremony, as where the sum to be divided consisted entirely of cash. See 10 L. R., 458. It might also happen, that only a part of the heirs had purchased property. Now, if the residue of the mass consisted of cash, it would be unjust to form the notes of the heirs with the cash into lots, and compel those heirs who had not purchased property to receive a part in the notes and to collect the amount due them from their co-heirs. Justice in such cases could only be done by assigning to the heirs who had purchased property their own obligations. So, too, where a part of the heirs demand the sale of property for cash, and others on a credit there can only be a partial formation of lots. C. C., 1264. The partition, therefore, was not informal in that particular if the mass was of that character, by reason of the obligations of the co-heirs forming a part thereof, that it could not be formed into lots without manifest injury to the parties.

3d. That the minor, *Justin Aguillard*, was not properly represented by his tutor, *Drosin Aguillard*, who was himself a party to the partition. The under-tutor ought to have acted in this instance. But if he also should be interested, then a tutor or curator *ad hoc*, under Articles 116 and 964 C. P., or a special tutor, under Article 1291 of the Civil Code, ought to be appointed. See C. P., 117. It will here be observed, that this is the case of one minor concurring with other heirs and not a division of an estate among several minors having
13

the same tutor. The partition appears to be erroneous on this ground. But it is urged, that this objection was not made before the notary, and cannot, therefore, be set up by way of opposition to the partition itself. This was not a matter submitted to the notary, and no contestation could be formed before him concerning it. It is further objected, that even if informal in this particular, the appellees are entitled to have the partition homologated as a provisional partition. The heirs who oppose the partition cannot be bound by anything except a definitive partition. As they would have the right to institute an action to procure a definitive partition, so they may by way of exception oppose one that is informal, and demand that it be made in due form.

4th. As the children of *John H. Johnson* do not demand a partition of the share which they will receive *inter se*, they can be represented in the partition by the under-tutor if not himself interested adversely to them. C. P., 117.

5th. The notary properly charged *Aurélie Robillard, Dorsin Robillard* and the other heirs who bought property at the probate sale with the interest stipulated in their notes from maturity until the day of the formation of the mass. If the heir pays interest after his obligations have fallen due, he has the equivalent in the revenues of the property which he has bought, and justice requires that he should make his co-heir equal by payment of interest. We see nothing in Article 1265 of the Code opposed to this view of the obligation of the heir purchasing property, and so it was adjudged in the case of *Marionaux* v. *Marionaux*, 12 Rob., 666.

6th. The decree of the District Court on the opposition to the account which was affirmed by this court, binds all persons who were parties to the proceeding, and as to them it is not open to examination. If any of the heirs were not cited and the proper notices have not been given, such heirs might perhaps be heard. But, as to all others, the decree must be held conclusive, and subject to the construction ordinarily put upon the language used in decrees.

7th. The notary ought to have been assisted by experts in making the partition. C. C., 1289.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the partition be set aside, and that this case be remanded to the lower court, in order that the minors may be properly represented and a new partition be made in accordance with law and the views herein expressed; and it is further ordered, that the appellees pay the costs of this appeal.