(52 South. 543.)

No. 17,871.

JACOBS et al. v. JACOBS et al.

(May 9, 1910. Rehearing Denied June 6, 1910.)

(Syllabus by the Court.)

1. PARTITION (§ 77*)—SALE OF MINORS' LAND —FAMILY MEETING.

In a partition suit, in which some of the defendants are minors, the obligation of convening a family meeting to advise with regard to the terms of the sale rests upon those by whom the minors are represented, and, in default of action by them, the court may order the sale to be made for cash.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 217, 218; Dec. Dig. § 77.*]

2. PARTITION (§ 77*)—INDIVISIBILITY OF PROPERTY—DETERMINATION.

The indivisibility in kind of property sought to be partitioned may be made to appear by a comparison of the inventory thereof with the number of lots into which the property would have to be divided.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 219–223; Dec. Dig. § 77.*]

3. PARTITION (§ 114*)—COSTS.

Whilst the cost of the partition itself must be borne by the mass, the cost of obtaining a judgment ordering the partition, against a defendant who resists and denies the right thereto, falls upon the party cast.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by A. C. Jacobs and others against A. G. Jacobs and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Buck, Walshe & Buck, for appellants. Ross E. Breazeale, for appellees.

Statement of the Case.

MONROE, J. The two plaintiffs, Alexander C. Jacobs and Mary Jacobs, are owners in indivision with eleven other persons, who are made defendants, of certain improved real estate in New Orleans; the interest of each plaintiff being $3/64$, that of one of the defendants $1/4$, of six others each $3/32$ and of the four others (minors) each $3/128$. The property consists of lots, with buildings on them, one on Delechaise street, two on Dryades street, three on Magazine street, and one on Carondelet street. Plaintiffs allege that Charles W. Jacobs has been in possession of the property since February, 1904, as agent of the coheirs (and co-owners), and that he has rendered no account of his gestion, and they pray that he and the others be cited, that he be ordered to account, and that there be judgment decreeing a partition by licitation.

It is admitted that all of the parties are nonresidents of the state, and that they were put in possession of the property sought to

be partitioned, as the heirs of Thomas B. Jacobs, by judgment of the civil district court of date February 28, 1904. As a result of exceptions filed by defendants, the demand against Charles W. Jacobs for an accounting was eliminated. The answer of the defendants sets up an alleged agreement between the owners then of age (and concurrence by those of the minors who afterwards attained majority) to the effect that the property should be held in indivision until the youngest minor should reach the age of 21 years, and it alleges that plaintiffs cannot force the partition before the time agreed on, which has not yet arrived. It appears from the evidence adduced on the trial that Thomas B. Jacobs died intestate in November, 1900, leaving as his heirs his mother, two brothers, four sisters, three nephews, and three nieces, several of the latter being minors, and also leaving an estate, consisting in part of the immovable property hereinabove mentioned. His brother, C. W. Jacobs, was appointed administrator, and in December, 1903, was appointed the agent and attorney in fact of the other (major) heirs, by written instruments conferring upon him full authority to represent and act for his principals in all matters relating to the estate, and that was followed, in February, 1905, by a judgment putting the heirs in possession. Several of the major heirs, other than plaintiffs, testify that there was a verbal agreement among them (the major heirs) to the effect that the property inherited by them should be held in indivision until the youngest of the minors should attain majority, and that C. W. Jacobs should administer; but plaintiffs deny that it was so agreed, and we do not find, as to them, that it is established, there having been, evidently, a misunderstanding in the matter. There was judgment in the district court decreeing the litigants to be the owners in indivision of the property described in the petition, ordering a partition thereof by licitation, directing the sale to be made by an auctioneer, who is named, and referring the parties to a notary for the completion of the partition. Defendants have appealed.

## Opinion.

It is argued on behalf of defendants that the agreement set up in the answer was proved, and should be sustained; but, as we have stated, we do not think, as to plaintiffs, that it was proved.

It is said that a family meeting should have been convened to fix the terms of the sale as to the interests of the minors; but the minors are defendants, and the obligation to convene a family meeting for the purpose stated devolved upon those by whom they are represented, in default of whose action in the premises the court was authorized to order the sale to be made for cash. Succession of Becnel, 117 La. 749, 42 South. 256.

It is said that the record contains no evidence that the property is indivisible in kind, and hence that the decree ordering the partition by licitation was unauthorized; but the record contains an inventory which shows that the property consists of the several lots of ground which have been mentioned, with the buildings on them, and we do not think anything more is necessary to authorize the conclusion that it cannot advantageously be divided into 128 parts, which would be necessary for a partition in kind. Kohn v. Marsh, 3 Rob. 51; Florance v. Hills, 11 La. Ann. 388; Cameron v. Lane, 36 La. Ann. 724 (concurring opinion).

It is said that the trial court erred in condemning the defendants to pay costs; but, whilst the costs of the partition itself are to be borne by the mass, the cost of obtaining a judgment ordering the partition, against a defendant who resists and denies the right, falls upon the party cast.

Judgment affirmed.

PROVOSTY, J., takes no part, not having heard the argument.