LAND, J.
This is a suit for the partition by licitation of seven several tracts of land, situated in the parish of Natchitoches, owned in indivisión in the following proportions: Adolphe Kaffie .4, Phanor Breazeale 2, D. W. Breazeale .2, Mrs. Alice Wilson .1, and heirs •of Mrs. Matthew Jones .1. The first four are the plaintiffs, and the others, defendants. The property belonged to the succession of Antoine Marinovieh, who left the usufruct thereof to his wife, Mrs. Marie Marinovieh. The naked ownership of the property was inherited by the 10 children of the deceased. Eight of the heirs sold their interests to the plaintiffs. Mrs. Alice AVilson and Mrs. Matthew Jones were the children of Antoine Marinovieh. Mrs. Jones died leaving six children, four of whom were minors when this suit was instituted.
Plaintiffs in their petition admitted the life usufruct of Mrs. Marinovieh, and represented that the lands could only be sold subject to said usufruct. The two major heirs •of Mrs. Jones answered and joined tfie plaintiffs in the prayer for a partition by licitation. The special tutor of the four minor heirs of Mrs. Jones made no appearance. The usufructuary was not made a party to the suit.
Mrs. AVilson excepted that no partition could be legally made of the property during the existence of the usufruct, and for answer averred that the property could be divided in kind, and that her co-owners were indebted to her in their respective ■ proportions of the sum of $1,600 for useful improvements made by her on a part of the lands sought to be partitioned.
The case was tried, and there was judgment for a partition by licitation, and ordering a sale of the property for cash, subject to the usufruct of Mrs. Marie Marinovich; and further ordering that, out of the gross proceeds, Mrs. Alice Wilson be paid the sum of $200 for her improvements, and the remainder, less costs, be distributed among the co-owners in proportion- to their respective interests. Mrs. Alice Wilson appealed from the judgment, but, failing to give a suspensive appeal bond in due time, the decree of the court was executed by the sale of the property to plaintiffs for $19,000 in cash. This-proceeding was subsequent to the rendition of the judgment below, and forms no part of the record of appeal, and therefore cannot be considered.
[1] In Succession of Glancey, 112 La. 430, 36 South. 483, it was proposed to sell all the community property for the purpose of effecting a partition. The court (with one member dissenting) held that the statute conferring the usufruct on the surviving spouse was mandatory that the widow’s usufruct should continue on the whole property during her natural life, or until she remarried. The reasoning of the case does not apply to a partition in kind, subject to the usufruct. In the case at bar, the property belonged to the separate estate of the husband, and the widow’s usufruct is conventional. The usufructuary has made no objection to the partition by sale or in kind, subject to her usufruct. In Smith v. Nelson, 121 La. 170, 46 South. 200, the plaintiffs prayed for a partition by sale, regardless of the testamentary usufruct of the surviving spouSe. The court held that this could not be done, citing Aubry & Rau, as follows:
“If the universality of the property is burdened with a usufruct, the existence of the usufruct will not prevent the heirs from provoking between themselves a partition as concerns the naked property. But they cannot compel the usufructuary to participate in the partition and consent to a sale of the immovables, acknowledged indivisible, reserving his right to the proceeds.”
In Smith v. Nelson, supra, it was conceded that the property was not divisible in kind.
*353 We do not perceive any legal impediment to a partition in kind, of the naked property, subject to the rights of enjoyment of the usufructuary. As the naked property may be mortgaged, sold, or alienated (C. C. art. 605), it may be partitioned in kind, subject to the usufruct. In such a case the usufructuary has no cause of complaint.
[2] Plaintiff offered no evidence to prove that the property could not be conveniently divided in kind, except a map, showing that the tracts of land to be partitioned are irregular in shape, and that some of them are not contiguous. The petition alleged that there were six tracts of land, containing respectively 1,800, 472, 327, 259, 75, and 75 acres, making a total of 3,008 acres, and two town lots, to be partitioned. The contention of the plaintiff that this property could not be divided in kind was based on the theory that it was necessary to apportion V6o to each of the six heirs of Mrs. Jones, Vio to Mrs. Wilson, Vio to A. Kaffie, and 2/io each to Phanor and D. W. Breazeale. This theory was adopted by the trial judge. This was error. As the heirs of Mrs. Jones inherited her share by representation, the partition should have been made by roots. C. C. 898. As there were 10 roots, the property should have been divided into 10 lots of equal value as far as practicable.
[3] Several witnesses testified that they knew the location and value of the tracts, and that the same could be divided into 10 equal portions. Even if the lots should prove unequal in value, the inequality may be compensated by a return of money. C. C. art. 1366. In the formation of the lots, the small tracts and the town lots might be used in equalizing values. Every partition should be made in kind, unless the property be indivisible by nature, or its division would cause a diminution of its value, or loss or inconvenience to one of the co-owners. C. C. arts. 1337, 1340. The record discloses no good reason why the property should not be divided in kind. The fact that each of the plaintiffs owns more than one-tenth of the whole is no obstacle to the partition by roots, since each may draw the number of lots to which he is entitled.
We see no good reasons for amending the judgment in favor of the appellant on her claim for improvements. The .amount allowed was the enhanced value as estimated by one of appellant’s best witnesses.
It is therefore ordered that the judgment below be affirmed as to the demand of appellant for improvements, and as to her exception to a partition, and it is further ordered that said judgment be reversed in all other respects; and it is now ordered that the case be’ remanded for a partition in kind according to law; costs of appeal to be paid by the appellees.