SOMMERVILLE, J.
Plaintiff is the owner in indivisión with the six defendants, three of whom are minors, of a tract containing 410 acres of land, part of which is high land and another part swamp land. It sues for a partition by licitation. W. T. Holland was appointed tutor ad hoe to represent the minors, Lawrence, Charlie, and Samuel Singleton, and he answered, denying that the property was indivisible in kind. The major heirs answered that the property was susceptible of division in kind; that they are living on said land, and do not desire to have the land sold; that they, together, are the owners of one-fourth of said tract, and that the three minors are the owners of another fourth, and that they are willing to accept one-fourth of said land together, and they ask that the land be divided into four parts, wd that they be given one-fourth thereof, or that it be divided into two parts, giving o le half to defendants and the other half to i laintiff, or, that the land be divided in kind by making the same into 12 lots of equal val íe, and dividing it into lots according to la v.
There was judgment in favor of defendants, ordering a partition in kind of said property, and that the parties be referred to the clerk of court and notary for the purpose *188 of completing the partition and naming of experts and appraisers to assist the clerk and notary. Plaintiff has appealed.
The record contains no reasons for judgment, and appellee has not made any argument, oral or printed, in support of the judgment appealed from.
[1, 2] There was but one witness, who testified on behalf of defendants, and he expressed the opinion that the tract could be divided into four parts of equal value; that it could be divided into 12 lots, some of which would be small, and those in the swamp would be larger. But he does not make further explanation of how this allotment might be made. On cross-examination, he stated that, among the improvements, was a dwelling on the north half of the land, which was worth about $300, which alone is more than one-twelfth of the whole value of the property, which is valued by the same witness at about $2,500. The witness thus contradicts himself on the very point at issue in the case, and his testimony is of no value to defendants.
The testimony for plaintiff shows that part of the land is high land, and a part is swamp land; that if it were divided into 12 lots, those lots would be narrow, and the value of the whole tract would be reduced; that there is not much timber on the swamp land; and that each tract would have very little timber for wood or rails, and some of them would have no house on them.
The evidence is quite clear to the effect that the property cannot be divided into 12 lots without the cantling of tenements, which is forbidden by law; and therefore that the property is not divisible in kind. It must be sold by licitation; and, as the representative of the minors has not caused a family meeting to be convened to fix the terms upon which their interests shall be sold, their interests must be sold for .cash. Succession of Becnel, 117 La. 744, 42 South. 256; Jacobs v. Jacobs, 126 La. 365, 52 South. 543.
[3] In their answers, defendants set up that the property could be divided in halves or quarters, and they ask for a partition in kind. But the one-half owned in indivisión by defendants is owned by six different per.sons, and the law requires experts to form lots to be drawn by each person who is a part owner in the property to be partitioned. Civil Code, art. 1367. The six defendants each own an equal interest in the property, and they do not appear to owe one another anything, so that the lots would have had to have been of equal value. We say in the Succession of Story, 5 La. Ann. 208:
“The warranty which the heirs are to give each other in final partitions makes it necessary that the share of each should be determined and fixed contradictorily with the others, and, accordingly, the rule is that a partition made by roots is not definitive unless the share coming to each root has been subdivided among the parties to whom it has descended. * * * The mixing up of the shares of the three minors, after going through all the formalities and expenses of a partition, is an unheard of proceeding. * * * The rule to be deduced from the conflicting articles of the Code on this subject is that lots should be drawn when it is practicable, and, as far as it is practicable, to do so, without depriving any of the heirs of their legal rights, or affecting injuriously the value of the property, or the separate shares of the heirs.”
Plaintiff is entitled to have a definitive partition of the property owned by it in indivisión with defendants, and this cannot be done where there are minors, except by licitation, unless each minor is allotted a certain, defined portion of the property partitioned as his own. The evidence in this case shows that this cannot be done; that the property -cannot be divided in kind without injuriously affecting the value of the whole. It, therefore, will have to be partitioned by licitation.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that the property described in *190 plaintiff’s petition, and owned in indivisión by it and the six defendants, be sold to effect a partition; that the interests of the minors be sold for cash; and that the proceeds of the sale be partitioned among the owners of the property; costs of appeal to be paid by appellees, .and the costs of the district court to be divided between plaintiff and defendants.