**(100 South. 532)**

**No. 25965.**

**HOSS v. HARDEMAN et al.**

(March 24, 1924. Decree Amended and Rehearing Refused by the Whole Court May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Partition ⬉77(3)—That property is widely scattered no objection to partition in kind.**

It is no objection to partition in kind that property is not contiguous, but consists of widely scattered lots in each of which parties to suit have an undivided interest.

2. **Partition ⬉77(3)—Objection to partition of lots in kind that they were of unequal value not sustained.**

Where partition in kind of 84 lots is sought it is no objection that lots are of unequal value if 84 parcels can be split up into groups equal to number of partitioners and of nearly equal value, any inequality being compensated by return of money, in view of Civ. Code, art. 1366.

3. **Partition ⬉92—Judgment allotting specified lots to certain parties held erroneous.**

Where owner of undivided one-fourth interest in 84 lots sought partition in kind, it was error to set aside certain specified lots to some of defendants and to select equal number of other lots for allotment to other co-owners,

Civ. Code, art. 1367, requiring lots to be formed by experts and drawn by co-owners.

4. **Partition ⬉77(3)—Existence of improvements no defense to partition in kind.**

In proceedings for partition in kind that houses owned by certain parties were erected on some of the lots sought to be partitioned is no defense.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit for partition by J. M. Hoss against H. D. Hardeman, Mrs. Connie L. Worley, and others. Judgment for plaintiff, and defendant last named appeals. Modified and affirmed.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellant.

Hall & Bullock, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiff, owning an undivided one-fourth interest in 84 lots of ground in the village of Hosston, Caddo parish, instituted this suit for a partition in kind.

Defendants are the minor children of Samuel H. Hoss, represented by their mother and tutrix, owning an undivided one-fourth interest; Mrs. Minnie Banks Hardeman and her minor child, Frances M. Hardeman, owning an undivided one-fourth interest; and Mrs. Connie L. Worley, owning an undivided one-fourth interest.

Mrs. Worley answered, admitting ownership of the property in the proportions set out in plaintiff's petition, but denied that it could be divided in kind, and she prayed that the partition be made by licitation. The other defendants admitted the ownership of the property and all of the other facts alleged by plaintiff.

The court below, after decreeing a partition in kind, further ordered and decreed:

"That this partition be referred to some notary public, for Caddo parish, to make said

partition, to be aided by two experts appointed by such notary, and in making said partition, the said experts shall first set apart and apportion to the minors, Sam Hoss, Jr., and Martha Helen Hoss, minor children of Samuel Hoss, represented by their mother and natural tutrix, Mrs. Viola Hoss, the five lots on which their house and improvements are situated and one additional lot so as to make six lots to them; and the experts shall next set apart and apportion to Mrs. Minnie Banks Hardeman, wife of H. D. Hardeman, and their minor child, Frances M. Hardeman, the six lots with the improvements thereon on which they live, and shall then set apart and apportion to Mrs. Connie Worley six lots of equal value, except for the improvements, with those set apart to each set of minors, and shall then set apart and apportion a like number of six lots of equal value to J. M. Hoss, the plaintiff, in full ownership in each case, and shall then divide the remaining lots into four lots or divisions of equal value and have the parties draw for same; and after making such partition, the same shall be submitted to this court for homologation."

Appellant alleges the judgment is erroneous in holding the property to be divisible in kind, in directing the assignment of specific property to certain of the defendants, and in compelling appellant to submit to a partition in kind without a division of the property into lots and the drawing thereof as required by the provisions of the Civil Code.

[1] The lots sought to be partitioned are not contiguous, but are widely scattered throughout the village. In view of this fact, it is argued on behalf of appellant that, as the parties own an interest in each of these separate and distinct properties, and as each co-owner is entitled to have allotted to him or to her, as the case may be, his or her proportionate share of each specific lot, and cannot be compelled to accept for his or her interest in one lot an interest in another lot, it necessarily follows that the property is not divisible in kind, and no partition in kind can be had. The argument is unsound. If it was adopted as the correct interpretation of the law, it would wipe out entirely

the provisions of the Civil Code permitting partition in kind, for in no case could property be so owned in indivision as to allow such partition. If each co-owner in a partition in kind would be entitled to have set aside to him his proportionate interest in each lot of ground, because of his specific interest therein, by a parity of reasoning he would be entitled to the allotment of his proportionate interest in every foot of ground held in undivided ownership by himself and others. We cannot sustain this ground of attack upon the judgment.

[2] Appellant further complains that the property cannot be divided in kind because the lots are of unequal value. Granting this to be true, we see no reason why the 84 parcels of ground cannot be formed into four lots of equal, or of nearly equal, value. Any inequality in the lots so formed may be compensated by means of a return of money, which the co-owner receiving a lot more valuable than the others may pay to his co-owners. This method of equalizing the shares of the co-owners is expressly provided for by law. Civil Code, art. 1366. And even where compensation has to be made in money partition in kind is favored. Kaffie v. Wilson, 130 La. 350, 57 South. 1002.

[3] The judgment appealed from is erroneous, however, in ordering the experts to set aside certain specified lots to some of the defendants and to select an equal number of other lots for allotment to the other co-owners. The law requires the lots to be formed by experts and drawn for by the co-owners. Civil Code, art. 1367. The drawing of lots is an essential formality in a judicial partition in which a minor is interested; and the failure to observe this formality renders the partition merely provisional. Rhodes v. Cooper, 118 La. 299, 42 South. 943. The co-owners who oppose the partition cannot be bound by anything but a definitive partition. In the case at bar the lots were formed and allotted by the judg-

ment of court, notwithstanding that minors are interested in the partition.

It is stated in the briefs that the judgment of the court below was based upon the rulings of this court in Succession of Aguillard, 13 La. Ann. 97, and in Wells v. Files, 136 La. 140, 66 South. 749. These decisions are not controlling of the present issues.

In the case of Succession of Aguillard the complaint was that the notary allotted the shares to the heirs instead of forming the lots and allowing the heirs to draw therefor. The assets to be partitioned consisted of cash and notes, some of which were given by the coheirs. In the division the notes executed by these coheirs were returned to them. It was an exceptional situation which the court solved by holding that it would be unjust to form the notes of the heirs with the cash into lots and to compel those heirs who had not purchased property to receive a part in the notes and to collect the amount due them from their coheirs. No one's legal rights were violated. On the contrary, the active mass was of such a character, by reason of the obligations of the coheirs forming a part thereof, that it could not be formed into lots without manifest injury to the parties.

In the case of Wells v. Files the facts are not at all similar to the facts of the instant case. In the cited case the lots owned by the defendants, including some minors, had been drawn as a whole. The court, on rehearing, found this to be an informality, but held that it was the defendants' common interest to hold their property in indivision during the existence of a mineral lease operating thereon. There was, however, an actual division of the lands by the experts into 10 equal portions or lots of equal value, and an actual drawing of the lots by plaintiff and by defendant, and not an assignment or apportionment as is sought to be made in this case.

[4] The fact that houses owned by Mrs. Hoss and Mrs. Hardeman were erected on some of the lots, cannot defeat plaintiff's action for a partition in kind. Timberlake v. Sorrell, 125 La. 554, 51 South. 586.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as it orders the experts, in making the partition to set apart and apportion to the minors, Sam Hoss, Jr., and Martha Helen Hoss, children of Samuel Hoss, represented by their mother and natural tutrix, Mrs. Viola Hoss, the five lots on which their house and improvements are situated and one additional lot so as to make six lots to them, and to set apart and apportion to Mrs. Minnie Banks Hardeman, wife of H. D. Hardeman, and their minor child, Frances M. Hardeman, the six lots with improvements thereon on which they live, and to then set apart and apportion to Mrs. Connie Worley six lots of equal value, except for the improvements, with those set apart for each set of minors, and to set apart and apportion a like number of six lots of equal value to J. M. Hoss, the plaintiff, in full ownership in each case, and then to divide the remaining lots into four lots or divisions of equal value and have the parties to draw for the same; and it is now ordered that said judgment be amended by ordering and decreeing that the said experts shall form all of the property owned in common by plaintiff and defendants, and as described in plaintiff's petition, into four lots or divisions of equal value, which lots or divisions, when so formed, shall be drawn for by the said co-owners. In all other respects the said judgment is affirmed. All costs, including costs of appeal, to be borne in equal proportions by the parties.

On Application for Rehearing.

By the WHOLE COURT.

PER CURIAM. Our decree is amended by reserving to the owners of the improvements the right to remove the same in the event

the lots on which they are situated are not allotted to them in the drawing.

And with this amendment the rehearing is refused.

═══════════

(100 South. 534)