186 So. 602

**WYCHE v TAYLOR.**

No. 35054.

Jan. 10, 1939.

Rehearing Denied Feb. 6, 1939.

Puneky & Barrios and James J. Landry, all of New Orleans, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a suit for a partition by licitation of five houses and lots belonging equally to the plaintiff and defendant. They are a divorced couple. The property belonged to the matrimonial community.

In response to the suit, the defendant pleaded that the plaintiff had no right or cause of action and was estopped to contend that the property was not divisible in kind, because, after the decree of divorce was rendered, the parties entered into an agreement to divide the property in kind, which agreement was reduced to writing, but was not signed because of a disagreement as to the value of one of the houses and lots. The defendant prayed that his exception and plea should be maintained and that the plaintiff's suit should be dismissed, or, in the alternative, that the division of the property in kind, which was agreed to and reduced to writing, but not signed, should be ordered carried out. The judge, on his own motion, appointed an expert to appraise the property and to make a report as to whether a division of the property in kind would be feasible. The expert rendered a report, in which he reduced the value which had been put upon each house and lot in the proposed agreement, and in which report the expert expressed his opinion that the five houses and lots could be divided in kind, without loss to either of the co-owners. The plaintiff obtained a rule on the defendant to show cause why the report of the expert should not be rejected. The case was then heard on the rule to traverse the report of the expert, and on the pleadings which the defendant had filed; and, after hearing the testimony, the judge gave judgment for the plaintiff, ordering the property sold for the purpose of effecting the partition. The defendant is appealing from the decision.

Our opinion is that it would not be possible to divide the property in kind between the two co-owners in a way that would do justice to both parties. The five lots, as we understand, form two tracts, in a very poor neighborhood. The houses are of cheap construction and in need of repair. The expert recommended that the property should be so divided that one of the parties should receive two houses and lots, valued together at $2,100, and that the other party should receive the three other houses and lots, valued together at $1,800, and that the party receiving the two houses and lots worth $2,100 should pay to the other party $300,—meaning, of course, $150. That suggestion is impracticable because the lots are encumbered with mortgages, which, as far as the record shows, the parties have no means whatever of paying. Of the two lots valued at $2,100, the one valued at $1,000 is mortgaged to the extent of $1,163.27, and the other, valued at $1,100, is mortgaged to the extent of $418.30. The equity in the two lots, therefore, is only $518.43. Of the three other lots, valued at $1,800, one valued at $500 and another valued at $1,000 are mortgaged to the extent of $262.38, and the third lot, valued at $300, is unencumbered, so that the equity in the three lots is $1,537.62. The attorneys for the appellant, in their brief, say that their client is willing to accept the two houses and lots valued at $2,100, and assume the payment of the debts secured by the two mortgages, amounting to $1,581.57; and they say that the appellee should accept the three other

houses and lots, valued at $1,800, and assume the debts secured by the mortgage for $262.38, and should pay to appellant half of the difference between the values or equities, the half being $509.60,—or give to the appellant a second mortgage for that amount on the three houses and lots valued at $1,800. That method of dividing the property would be substantially the same that was proposed in the unsigned or tentative agreement between the parties, except that the valuations were much higher in the proposed agreement. Such a division of the property would be unfair to the appellee—the divorced wife—because she has no means whatever with which to equalize the values or equities, and because she would have no assurance that the appellant—the divorced husband—would discharge the debts amounting to $1,581.57, secured by the mortgages on the two houses and lots which he proposes to accept.

This case, therefore, is within the provisions of articles 1339 and 1340 of the Civil Code, which declare that, when property owned jointly by two or more persons is not divisible in kind without loss or inconvenience to one of the owners, the judge shall order, at the instance of any one of the co-owners, that the property shall be sold at public auction to effect a partition.

There is no merit in the defense that the plaintiff is bound by the unsigned agreement to divide the property in kind. An agreement between co-owners of real estate to divide it in kind has no effect unless the instrument evidencing the agreement is signed by the parties.

This case, however, in its final analysis, is governed by the rule stated in Hoss v. Hardeman, 156 La. 371, 100 So. 532,—and repeated in Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652,—that a judicial partition of real estate cannot be made otherwise than by the drawing of lots or by a sale of the property and a division of the proceeds. In a suit for a partition of real estate, where the co-owners are all sui juris, the judge and the experts appointed by him have no authority to select any particular piece of property and allot it to any one of the co-owners. The only exception to this rule is the one which has been established by Act No. 15 of 1918, for cases where there is a co-owner who is sui juris and another who is non sui juris. But that has nothing to do with this case. The defendant here did not ask for a division of the property by the method of drawing lots.

The judgment is affirmed.