PONDER, Justice.
The plaintiff brought suit against the defendant seeking a partition by licitation -of approximately 1937 acres of land located in Vernon Parish. The defendant opposed the partition hy licitation and asked for a partition in kind. On trial the lower court gave judgment in favor of the plaintiff ordering the lands sold at public- sale and the proceeds to be divided equally between the parties after the payment of costs. The defendant has appealed.
The defendant contends that the judgment of the lower court is erroneous and that he is entitled to have the lands divided in kind.
The plaintiff and the defendant were partners for about 25 years and the most of these lands were bought for the timber growing thereon. The evidence shows that the lands were bought for speculation. The lands are scattered over 9 townships and consist of 44 different tracts of land. The tracts of land are widely separated and are all classified as denuded, cut-over, pine lands. There are no improvements On any of the tracts of land and none of them can be classified as being cultivated or used for farm purposes. Only a small portion of the lands are suitable for agricultural purposes. The smallest tra-ct contains 5 acres and the largest tract contains approximately 200 acres. The character of these lands and the growth of timber thereon is varied. There is hardwood on some of the tracts and timber on other portions *983 of the lands. There is no timber on some of the lands. There are outstanding mineral leases and mineral deeds which are not in controversy herein.
From the testimony of the plaintiff and four other witnesses, it appears that the lands cannot be divided in kind and if so a division in kind would result in a diminution of their value and a loss to the co-owners.
The testimony of the defendant and three other witnesses is to the effect that the lands can be divided in kind, but their testimony is general and the only plan presented for a division in kind does not evaluate the various tracts and the timber thereon or present specific information upon which this court could arrive at the conclusion that the lands could be divided in kind without a diminution in value or a loss to the owners. While there is testimony in the record indicating that some of the tracts might be divided in kind, there was no evaluation fixed or any information adduced upon which the court could so find.
It appears that the timber constituted the principal value of the lands and that they would be more valuable as a whole. This fact is borne out by testimony of some of the witnesses who had long experience in the timber business. Their testimony is to the effect that those engaged in the timber business would pay a greater price for a large tract of timber than they would for a smaller tract.
This case presents purely a question of fact and we can find no just reason to disturb the judgment of the lower court. The lower court concluded that the lands were not divisible in kind without causing a diminution of their value or a loss to their co-owners. The district judge in his written reasons for judgment pointed out that the plaintiff, during the course of t'he trial, offered to pay the defendant $10,000 for his half interest in the lands or take $8,000 for his half interest, indicating his good faith and belief that the lands could not be divided in kind without a substantial loss to him. It was also pointed out that both of t’he parties were financially able to protect their interests when the lands are sold and that no undue hardship would result.
Article 1336 of the Revised Civil Code reads as follows: “The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the coheirs, in conformity, nevertheless, with the following provisions.”
Article 1339 of the Revised Civil Code reads: “When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of *985 notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”
Article 1340 of the Revised Civil Code is as follows: “It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
[.2] This court has consistently followed the provisions of these articles of the code when lands cannot be conveniently divided without diminution of value or loss or inconvenience to the owners. In most of the cases, this court has stated that the law favors partition in kind, but that it is not obligatory when the property cannot be conveniently divided without a diminution of value or loss or inconvenience to the owners. Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Pryor v. Desha, 204 La. 575, 15 So.2d 891.
For the reasons assigned, the judgment is affirmed at appellant’s cost.