GLADNEY, Judge.
The petitioners seek a partition by lici-tation of certain real property situated in Bienville Parish, Louisiana. The defendants have joined issue by answer and assert that the property is divisible in kind. The court appointed as an expert, John F. Wilkerson, Jr., a civil engineer, who was directed to file a report showing the value of the property and suggest a method of partition in kind. After trial the respective interests in the property were judicially determined and the court decided that the property could not be divided into lots among the owners thereof without inconvenience and diminution of the value, whereupon partition by licitation was ordered with reimbursement to plaintiffs for taxes previously paid. The defendants have appealed.
The appellants assert the trial court was in error in failing to decree a partition in kind. Other questions raised before and during the trial of the case are not disputed before this court and the prime issue is whether the trial judge should have accepted and followed the testimony and report of Wilkerson. The appellees assert the plan so proposed could not effect a legal partition.
The land to be partitioned consists of the NWJ4 of the SE^j. and the NE}4 of the SWj4 of Section 6, Township 18 North, Range 6 West, situated in Bienville Parish, Louisiana.
The judgment decreed that the NW}4 of the SEj4 of Section 6, Township 18 North, Range 6 West is now owned in indivi-sión by the following named persons in the proportion set opposite each of their names:
Aline Taylor and L. F. Taylor
(Community)-7/8ths
Vivian George Bell-l/24th
James George-l/24th
Wiley George, Jr.-l/24th
and that the NEj4 of the SW)4 of Section 6, Township 18 North, Range 6 West is now owned in indivisión by the following named persons in the proportion set opposite each of their names:
Aline Taylor and L. F. Taylor
(Community) -l/8th
Delia Clark-3/8ths
Katie Clark Walker.-l/8th
Albert L. Clark — . — -l/8th
Her Faye Clark Rogers-1/8th
Vivian George Bell-l/24th
James George-l/24th
Wiley George, Jr.-l/24th
The witnesses who described the property as to topography, accessibility, quality of soil, timber growth, etc., uniformly reported that it is without improvements, *70 inaccessible save for an unimproved road, and is hilly and rolling with an uneven small timber growth; that some parts of the land are better for growing timber than other parts, and that its estimated worth is from $50.00 to $75.00 per acre. The great preponderance of the testimony reflected the opinion that the property could not be divided into as many as twenty-four parts or lots without diminution in value and inconvenience.
Counsel for appellants argues the property is susceptible of division in kind in the manner proposed by Wilkerson. The latter submitted a plan whereby each of the two sixteenth section government surveyed subdivisions containing 35.73 acres would be divided into two separate parcels of 4.47 and 31.26 acres as depicted on a drawing and that these parcels could be exchanged between the parties as would leave the plaintiffs owning in its entirety the NW14 of the SE)4 and the defendants owning all of the NE*4 of the SWJ4.
Although the witness and counsel for appellants refer to the proposed interchange of property as a partition in kind, it cannot be considered a judicial partition. It is well settled in our jurisprudence that it is not within the province of experts to suggest that a certain part or parts of the property be set apart, or allocated to one or more of the co-owners, nor is it within the province or power of the judge to order that such be done. In Raceland Bank & Trust Company v. Toups, 173 La. 742, 138 So. 652-655 (1931), the experts and witnesses were of the opinion that unless a portion of the property sought to be partitioned representing Y¡th of its value, could be carved out and set apart for defendant as her share, the property could not be partitioned in kind. In holding that such a division would be contrary and in violation of the rules and regulations specifically laid down in the Civil Code, the court stated:
“When co-owners cannot agree upon a partition of the property which they own in common, a judicial partition becomes necessary, and if one of them demands it by suit, it then becomes the duty of the judge before whom the case is tried to determine the method of making it; that is, whether it shall be made in kind or by licitation. Civ. Code, art. 1336. If it be found that the property is divisible in kind, experts should be appointed to appraise it and divide it into lots (Civ.Code, art. 1364), which lots are afterwards drawn for by the parties (article 1367). Once it is determined that the property is to be divided in kind, the function of the experts is to form the lots, and when they have done so, if their findings are finally approved by the court, the partition is proceeded with by the drawing of lots.
* * * * * * “There must be as many lots as there are shares or roots involved. In the present case defendant owns one-seventh and plaintiff six-sevenths of the property. If it is to be divided in kind, there must be seven lots formed, one to be drawn by defendant and six by plaintiffs. Kaffie et al. v. Wilson et al., 130 La. 350, 57 So. 1001; Wells v. Files, 136 La. 125, 126, 139, 66 So. 749; Jacobs v. Jacobs, 126 La. 365, 52 So. 543; Amite Bank & Trust Co. v. Singleton et al., 135 La. 185, 65 So. 102; Hoss v. Hardeman, 156 La. [371] 374, 100 So. 532, 533.”
More recent authorities to the same effect are Wyche v. Taylor, 191 La. 891, 186 So. 602, 604 (1939); Savoie et al. v. Chambers et al., La.App., 62 So.2d 555 (1st Cir.1952); Bordelon et al. v. Sterkx et al., 237 La. 612, 111 So.2d 791 (1959); and Babineaux et al. v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
Wilkerson testified that he could divide the property within twenty-four equal lots, but that they would not have equal value, *71 and conceding that the values could he equalized by the addition of money, the witness said that in the event of such a partition the cost of surveying the divisions of the property would be excessive and would result in inconvenience.
The evidence is conclusive that the partition in kind of the property involved is not feasible. Accordingly, the judgment is affirmed at appellants’ cost.
It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, L. F. Taylor and Aline Taylor and against the defendants, James George, Wiley George, Jr., Iler Faye Clark Rogers, Delia Clark, Katie Clark Walker, Vivian George Bell and Albert L. Clark, recognizing and decreeing the following described property:
NWj4 °f SE}4 of Section 6, Township 18 North, Range 6 West to be owned in indivisión by the following named persons in the proportion set opposite their respective names:
Aline Taylor and L. F. Taylor--7/8ths
Vivian George Bell-l/24th
James George-l/24th
Wiley George, Jr.-l/24th
and recognizing the following described property:
NEj4 of SWJ4 of Section 6, Township 18 North, Range 6 West, to be owned in in-división by the following named persons in the proportion set opposite their respective names:
Aline Taylor and L. F. Taylor--l/8th
Delia Clark-3/8ths
Katie Clark Walker-l/8th
Albert L. Clark-l/8th
Iler Faye Clark Rogers-l/8th
Vivian George Bell-l/24th
James George-l/24th
Wiley George, Jr.-l/24th
Affirmed.