SARTAIN, Judge.
This is an appeal by a group of defendants, collectively identified herein as the heirs of Genia Cain, who have contested this action, which is a suit for the partition by licitation of certain real property situated in the Parish of St. Helena. These defendants are owners in common with the plaintiff, Elmer Eugene Hughes, of real property described as follows:
“That certain property situated, lying and being in St. Helena Parish, Louisiana, known as the ‘Shade and Genia Cain Place’, and more particularly described as 185 acres, more or less, being all of Headright thirty-eight (38) lying WEST of Darlings Creek in T 1 S, R 4 E, St. Helena Parish, Louisiana. See COB 15, page 272, and COB 25, page 368, records of St. Helena Parish, Louisiana.”
It is undisputed that the parties hereto are the sole owners in indivisión of that tract, in these proportions:
Elmer Eugene Hughes - an undivided 43.8555%
Idella Tucker Futrell-an undivided 11.1111%
Willlam Atkins - an undivided 2.2222%
Ivory Lee Atkins - an undivided 2.2222%
Carrie Lee Atkins Burchell - an undivided 2.2222%
Remus Atkins, Jr.an undivided 2.2222%
Della Mae Perry Kelly — an undivided 2.2222%
Caretha Perry Williams-an undivided 2.2222%
J. W. Perry-an undivided 2.2222%
Ollie Mae Perry Torrence-an undivided 2.2222%
Doretha Perry Carpenter-an undivided 2.2222%
Robert A. Jones, Sr. - an undivided 2.2222%
Idella Jones Perkins-an undivided 2.2222%
Fannie Jones Tucker Haynes-an undivided 2.2222%
Annie Bell Jones Battiest-an undivided 2.2222%
Patrick M. Needham-an undivided 16.1448%
Total 100%
The parties being unable to voluntarily reach an amicable division of this property, the plaintiff has brought this action for partition by licitation, alleging that the property is unsuitable for a division in kind due to the large group of heirs which must participate, they numbering sixteen. Defendants contend that a partition in kind of this land is feasible and is the most desirable means for division.
All of the defendants answered and were represented by counsel with the exception of Patrick M. Needham. A curator ad hoc was appointed to represent any others who might have an interest in the matter, and trial on the merits was had. Subsequently, the district judge, without rendering written reasons ruled that the property must be partitioned by licitation and judgment was rendered accordingly. All of the defendants, with the exception of Needham, have appealed.
At the trial, William A. Tycer and Robert Spec McClendon testified as real estate experts for the plaintiff and defendants, respectively. It was generally agreed by the two that the tract in question was, for the most part, cut over timber land with a small part in unimproved pasture. Various sloughs and gullys exist on the property, as does a flowing creek, and the property, to some extent, consists of land on which the creek overflows. An inhabited house *151 and a shack, both apparently of little worth, exist on this land, which may be reached only by a one-fourth to one-eighth mile gravel strip leading into the property from a blacktopped road. The remainder of the property is inaccessible by road and, in some points, is a mile from any road at all. Mr. Tycer estimated the value of the land at approximately $100.00 to $125.00 per acre.
As a civil engineer and official surveyor for the Parish of St. Helena, Mr. Tycer further testified that his examination of the tract plainly indicated that, due to its nature, the property was not susceptible of division in kind without a diminution of the value of the whole. More particularly, he stated that the expense of surveying the acreage into smaller plots and constructing the necessary roads and bridges which would be required to provide all landowners with access to their respective areas, if divided, would be prohibitive.
Mr. McClendon generally described the property as did Tycer, but concluded, however, that smaller pieces of property might have greater value than the one tract and suggested that a division might, enhance the value of the land with the expenditure of considerable sums of money to improve the tract as a whole. He conceded, however, upon questioning by the court, that a division of this land among sixteen owners was probably not feasible.
The conclusion is inescapable that the judgment of the district court must be affirmed. Civil Code Articles 1339 and 1340 provide as follows:
“When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisement prescribed by law, and in the manner hereinafter prescribed.
“It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
Certain principles have been clearly established by the Supreme Court of this state in connection with the partition of real property by co-owners. In Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931), that court stated:
“When two or more major persons who are present own property in common, a partition thereof may be made by them in such form and by such act as they may agree upon. If, on the contrary, all the co-owners are not present, or if there be among them minors or persons interdicted, or if those present and of age do not agree to the partition or the manner of making it, it shall be made judicially, in the form prescribed by the Civil Code. Civ.Code, art. 1322 et seq. Each of the co-proprietors may demand in kind his share of the property (Civ. Code, art. 1337), and this method of partition is favored by our law. Every partition should be made in kind if the property be susceptible of division, unless such division would result in inconvenience or loss to the co-owners. Kaffie et al. v. Wilson, 130 La. 350, 57 So. 1001; Hoss v. Hardeman et al., 156 La. 371, 100 So. 532.
“But the right of a co-owner to partition property which he holds in common with another is absolute. No one can be compelled to hold property with another (Civ.Code, art. 1289), and if the property is not divisible in kind, or if a division in kind cannot be made without loss and diminution of its value, the court must order it sold at public auction at the instance of any of the parties in order to effect a partition. If follows therefore that even though a partition by licitation would result in pecuniary loss to one of the co-owners because of the depressed value of the property at the time the partition is demanded, the sale must be made.
*152 “When property is partitioned in kind, if it is owned in common by several persons in equal shares, the division must be so made that each co-owner receives a share equal in value to the share of each of the other co-owners. When the property to be partitioned consists of one tract of land, the lots need not necessarily be of equal area or value. If the lots are of unequal value, such inequality is compensated by means of a return of money which the co-heir having a lot or more value then the others pays to his co-heirs. R.C.C. Article 1366.
******
“Of course, property cannot be divided in kind if the consequence of such division would be a diminution of the value of the entire property. R.C.C. Article 1340. In other words, the total value of the lots should not be less than the value of the tract as a whole.” Pryor v. Desha, 204 La. 575, 15 So.2d 891, 895.
“This court has consistently followed the provisions of these articles of the code when lands cannot be conveniently divided without diminution of value or loss or inconvenience to the owners. In most of the cases, this court has stated that the law favors partition in kind, but that it is not obligatory when the property cannot be conveniently divided without a diminution of value or loss or inconvenience to the owners. Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Pryor v. Desha, 204 La. 575, 15 So.2d 891.” Welch v. Pitre, 216 La. 980, 45 So.2d 363, 365.
This authority was reaffirmed in Bordelon v. Sterkx, 237 La. 612, 111 So.2d 791 (1959), and, although a partition in kind is favored by our law where the property is susceptible of such a division without a loss or inconvenience to any of the co-owners, the weight of the testimony here clearly preponderates against any convenient division. If such were attempted, many of the landowners would acquire remote areas which were completely inaccessible to entrance by road and which could not be reached except by crossing another’s property, all of which would clearly create an economic loss to those owners, not to mention the inconvenience and legal difficulties attendant to the ownership of land locked property.
We find no merit in the constitutional issues raised by the defendants-appellants; neither do we find the plaintiff-appellee’s demand for damages for a frivolous appeal to be substantiated. The case was competently contested and defended in the trial court to the extent that an expert witness was qualified on the defendants’ behalf and we find no indication that this appeal was instituted for the purposes of delay only. Therefore, this demand is denied and the judgment of the district court is affirmed in all respects, all costs of this appeal to be paid by the appellants.
Affirmed.