CULPEPPER, Judge.
Plaintiff and defendants are owners in indivisión of 144.75 acres of land in Calca-sieu Parish. Plaintiff owns 89%, four defendants own 2% each, and a fifth defendant owns 3%. Plaintiff sued for a partition by licitation, and the defendants (all of whom are majors residing outside of Louisiana) answered, asking for a partition in kind.
After a trial on the merits, the district judge held that the subject property could not be divided into 784 lots of approximately equal value, as would be necessary for a partition in kind.
In a motion for a new trial, defendants alleged they would agree to combine their interests to permit the land to be divided into only nine lots of equal value. They argued they could draw one of the nine, which they would own in indivisión, and the remaining eight parcels would be owned by the plaintiff. The district judge denied the motion for a new trial.
On appeal, defendants do not question the trial judge’s finding that the property cannot be divided into 784 lots of equal value. They now urge only the argument made in their motion for a new trial.
Defendants cite no case which expressly approves a portion of the owners in indivi-sión combining their interest for purposes of drawing lots. They cite cases applying the rule that partition in kind is favored by the law. Hoss v. Hardeman, 156 La. 371, 100 So. 532 (1924); Kaffie v. Wilson, 130 La. 350, 57 So. 1001 (1911).
Even assuming, without deciding, that defendants can combine their interests, and assuming that the mere allegations in their motion for a new trial that they “would be willing to draw as a group” is a sufficient agreement to do so, the record supports the decision of the trial judge in denying the new trial on the basis that the propérty cannot be divided into nine lots of approximately equal value without substantial loss and inconvenience. The tract is irregular in shape with various portions inaccessible from public roads. The Kansas City Southern Railroad runs through the tract, as does the Sabine Water Canal. The nature of the land with respect to its present use is varied with parts being agricultural, others cut-over pine land, and another a pecan grove. Defendants have not even suggested to the trial court or to this court any method of dividing the property into nine lots.
For the above reasons, we affirm the judgment appealed. Costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.