HARDY, Judge:
This is a suit by. plaintiff, as owner of an undivided one-half interest of a tract of land comprising 513 acres in ■Bienville Parish, seeking a partition by licitation against the two named defendants as the owners of the other undivided one-half interest in the said property. After trial there was judgment rejecting plaintiff’s demands for a partition by lici-tation and ordering a partition in kind. The judgment appointed the Clerk of Court as the notary charged with effecting the partition in accordance with law by dividing the property into two lots, specifying the value thereof, causing the lots to be drawn by the parties in accordance with law and equalizing the difference in value by a cash payment. From this judgment plaintiff has appealed.
Conceding that the law favors a partition in kind, counsel, nevertheless, urges that the property involved in this suit is indivisible by nature, and further that tito property cannot be conveniently divided without causing loss and inconvenience to plaintiff.
By stipulation of counsel the only question presented is whether the property involved is divisible in kind. This question is purely factual, there being no dispute as to the principles of law relating to partitions between co-owners.
Our examination of the record fails to disclose any support of plaintiffs contention that the property involved is indivisible by nature. The testimony is uniformly to the effect that the land is typical Bienville Parish hill land without any distinctions in nature or kind or by reason of topography or because of existing improvements which would present any difficulty to the formation of two lots of comparatively equal area and value. Concededly, the property is suited to the growing of timber and it is for this purpose that plaintiff desires the acquisition of full ownership.
 According to plaintiff’s estimates the 513 acres of land divided into two lots would reflect total values of land and timber of Lot #1 and Lot #2 in the amounts of $31,271.03 and $33,067.57, respectively, indicating the difference in value between the lots of $1,796.54. This difference, which represents less that 3% of the total value of the property, is insubstantial and offers no real obstacle to the partition in kind which is sought by defendants and which is the favored method of partition under the codal provisions of our law and the jurisprudence interpreting these provisions.
*138 There can be no dispute as to the legal principle that plaintiffs bear the burden of establishing the fact that the property is not susceptible of division in kind. The record before us clearly preponderates in support of the conclusion that plaintiff has failed to discharge this burden.
Relying upon the provision of R.C. C. Article 1340 it is argued on behalf of •plaintiff that the division of the property •involved in this case would cause inconvenience and actual financial loss to the plaintiff. The burden of this argument is to the effect that plaintiff is engaged in a '"sawmill business incidental to which it buys and owns lands suited to the growing of timber which can be harvested for processing at plaintiff’s mill; that the cost of proper timber management and the details in connection therewith are correspondingly greater for small tracts than for large tracts and upon the basis of this proposition it is urged that plaintiff can more conveniently and less expensively manage and harvest the timber on a 513 acre tract of land than upon a tract half that size. We have no quarrel with this argument nor its conclusion, but we cannot perceive any reason for enforcing plaintiff’s demand for partition by licitation against the defendants who are private individuals and are not engaged in the timber business. The asserted inconvenience and expense to plaintiff does not result from the nature of the property ■ involved nor any difference in value, but is based purely upon future activities of plaintiff in the promotion of its timber business.
The difference in the interests of the parties involved is frankly summarized by counsel in brief before this court as follows:
“One party is engaged in the operation of a sizeable sawmill and in connection therewith owns many thousands of acres of land on which it grows trees and it is at all times trying to acquire more land, moré timber and to enlarge and improve its operation. On the other hand the two defendants are housewives, nice ladies and good people, but not in business. They simply inherited an interest in some land from their deceased father and they want to hold on to what they inherited; which is certainly commendable. Even so, in a suit of this kind the court must be guided by the law; not by whether or not one of the parties or co-owners is willing or unwilling to be nice or what they call fair about the matter.”
The obvious conclusion resulting from the above quoted argument, in the words of the current expression in the world of sports, is that “Nice guys finish last.” We do not believe that the law, by design or interpretation, is intended to be used for the accomplishment of such a cynical purpose.
The record fails to establish any present inconvenience or loss to the plaintiff. Any such adverse effect is both remote and speculative. This conclusion is supported by the testimony of plaintiff’s witnesses without necessity for consideration of the testimony of witnesses tendered by defendant. The validity of plaintiff’s claims of loss or inconvenience resulting from the division of the property into two tracts, each in excess of 250 acres, is extremely questionable in view of the testimony that plaintiff has and will continue to acquire even non-contiguous tracts much smaller in acreage than the lots which would be involved in this partition.
We have examined the authorities cited by counsel for plaintiff, particularly Welch v. Pitre, 216 La. 980, 45 So.2d 363, and the cases cited in the opinion and find that they are inappropriate by reason of the difference in facts. For example, in the Welch case the opinion of the court recited that the lands involved were bought for speculation, were scattered over nine townships, consisting of 44 widely separated *139 tracts, the smallest containing 5 acres and the largest approximately 200 acres.
In our opinion the record not only fails to disclose any error on the part of the trial judge, but abundantly supports his findings as resolved by the judgment, the terms of which strictly accord with the authorization of R.C.C. Article 1336.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.