395 So.2d 894 (1981)
TRI-STATE CONCRETE CO., INC., Plaintiff-Appellee,
v.
Ethel Reed STEPHENS, Defendant-Appellant.
No. 14440.
Court of Appeal of Louisiana, Second Circuit.
February 16, 1981.
Rehearing Denied March 27, 1981.
*895 Samuel T. Singer, Winnsboro, for defendant-appellant.
Kitchens, Benton, Kitchens & Pearce by John B. Benton, Jr., Minden, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
En Banc. Rehearing Denied March 27, 1981.
*896 HALL, Judge.
Tri-State Concrete Company, Inc., as the owner of undivided interests in two tracts of land, filed suit against Ethel Reed Stephens, the owner of the remaining undivided interests in the two tracts, seeking a partition by licitation. One tract located in Webster Parish contains 360 acres and is owned 5/6 by plaintiff and 1/6 by defendant. The other tract located in Bienville Parish contains 40 acres and is owned 4/5 by plaintiff and 1/5 by defendant. Defendant answered, contending the property should be divided in kind. After trial the district court ruled that the properties could not be divided in kind without diminution in value or loss or inconvenience to the owners and ordered the properties sold at public sales to effect the partition. Defendant appealed.
On appeal defendant contends primarily that plaintiff did not bear its burden of proving that the properties could not be conveniently divided or that a partition in kind would result in loss or inconvenience to the owners, that the evidence supported a partition in kind of both tracts, and that the trial court failed to give appropriate consideration to the unequal bidding power of the respective parties.
Applicable Law
No one can be compelled to hold property with another; any owner of an undivided interest has a right to demand the division of the property held in common by the action of partition. LSA-C.C. Arts. 1289 and 1308. The court shall order the partition to be made in kind unless it is proved that the property is indivisible by its nature or that a diminution of its value or loss or inconvenience of one of the owners would be the consequence of dividing it in kind. LSA-C.C. Arts. 1337, 1339, and 1340; LSA-C.C.P. Art. 4606. The burden of proof is on the party seeking partition by judicial sale to prove that the property cannot be divided in kind. National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir. 1973), writ refused 276 So.2d 701 (La.1973).
To effect a partition in kind the property must be divided into lots, which lots are afterward drawn for by the parties. LSA-C.C. Arts. 1364 and 1367. A certain part or parts of the property cannot be set apart or allocated to any one of the co-owners. The lots are set apart to the different co-owners by chance, by drawing for them. There must be as many lots as there are shares or roots involved. Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931); Pryor v. Desha, 204 La. 575, 15 So.2d 891 (1943); Taylor v. Bell, 155 So.2d 68 (La.App. 2d Cir. 1963).
To effect a partition in kind of the properties involved in this case, the Webster Parish property would be divided into six lots or tracts, five to be drawn by plaintiff and one to be drawn by defendant. Similarly, the Bienville Parish property would be divided into five tracts, four to be drawn by plaintiff and one by defendant.
The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the owners, in conformity, nevertheless, with the other provisions of the Civil Code. LSA-C.C. Art. 1336. Except as provided in LSA-C.C.P. Art. 4606 which requires the court to order a partition in kind unless the property is indivisible in nature or cannot be conveniently divided, the court has discretion to direct the manner and conditions of effecting the partition so that it will be most advantageous and convenient to the parties. LSA-C.C.P. Art. 4605. According to the official revision comments under LSA-C.C.P. Art. 4605, this article of the Code of Civil Procedure, unlike Article 1336 of the Civil Code which subjects the discretion of the court in the mode of effecting a partition to other provisions of the Code, gives the court full and unrestricted discretion in directing the manner in which the partition is to be made.
The 360-Acre Tract
The 360-acre tract is irregularly shaped, has creeks or streams crossing it, has several *897 producing oil or gas wells on it, has numerous rights-of-way crossing it, and has road frontage only along part of the east boundary. It is partly hardwood bottom land, partly cut-over pineland and partly abandoned agricultural land. As testified to by plaintiff's well-qualified expert, it is difficult to imagine how the property could possibly be divided into six tracts of equal value. Although defendant's equally-qualified expert testified he thought it could be so divided and offered a sample plan, he conceded that extensive survey work taking into account the physical characteristics of the property would have to be done before any plan could be drawn. The sample plan submitted by the expert shows six irregular and unusual tracts, long and narrow, L-shaped, and of doubtful desirability, utility or value.
Plaintiff's expert testified the highest and best use of the property is for mining sand and gravel. Sand and gravel operations have been conducted on three sides of the property, to the edge of the property on the north and east. Plaintiff paid a substantial price for the 5/6 interest in the property for the purpose of mining sand and gravel on it. Defendant's appraisers included the potential for mining sand and gravel as an element of value in their appraisal of the property.
The evidence establishes that to divide this tract into smaller tracts would make sand and gravel operations on the smaller tracts less feasible, particularly in view of the physical characteristics of the property described above, thereby reducing the value of the property for this purpose.
Because of the difficulty and perhaps impossibility of dividing the property into six tracts of equal value, and the fact that a division in kind of the property would reduce its value, the trial court was correct in ordering a partition by licitation.
One of the primary objectives of ordering the property sold at public sale to effect the partition rather than dividing it in kind is to allow each of the owners to realize the full present value of the property, which value would be diminished if the property were divided in kind. For this objective to be fulfilled, the property will have to bring a price at the public sale close to its market value as established by the appraisers.
Plaintiff is a substantial corporation engaged in concrete and sand and gravel businesses and is fully able to bid at the public sale to protect its interest. The plaintiff company paid $250,000 for this property and the much less valuable 40-acre tract when it bought its 5/6 interest from defendant's relatives a few weeks prior to the time this suit was filed. Defendant is an elderly widow of very limited means, with a relatively small fractional interest in the property. She does not have the resources to bid at the sale to protect her interest. Although there is some evidence in the record that her son-in-law made a substantial offer to buy the property at the time the 5/6 interest was sold to plaintiff, there is nothing in this record to show that he or anyone else connected with defendant is prepared to bid at the public sale to protect her interest.
Property will sometimes bring maximum price at public auction, but it is also true that property is sometimes sold at far below market value at public sale. Selling property at a public sale to the highest bidder with no minimum price is highly risky and speculative. In this case, the tract is large and a fair price amounts to a large sum of money which must be paid in cash, and there are probably a limited number of potential bidders who would be interested in the property for its most valuable use, sand and gravel operations.
If the property were sold at public sale for substantially less than the appraised value, which in this case is a real possibility which the defendant has no way of protecting against, the purpose of realizing full present value for each of the owners would be entirely frustrated.
The unequal bidding power of the owners is a factor to be considered in determining the manner of partition. Ballard v. *898 Ballard, 367 So.2d 1223 (La.App. 2d Cir. 1979); New Orleans American Bank v. Cleveland, supra. In the two cited cases, this factor was considered in determining whether the partition should be in kind or by licitation and bore on whether a partition in kind would result in a diminution in value. In the instant case, where physical and geographical characteristics of the property in relation to its prime use virtually compels partition by licitation, the factor bears more on the manner and conditions under which the partition by public sale will be accomplished.
As previously discussed, LSA-C.C. Art. 1336 and LSA-C.C.P. Art. 4605 allow the court to regulate the manner and conditions of effecting the partition so that it will be most advantageous and convenient to the parties. To give some assurance that the property is not sold at less than present value, it is advisable in this case, under its particular facts and circumstances, to set a minimum price that the property must bring at the public sale. Based on the testimony of the experts as to the present value (the price plaintiff paid for its interest, over $650 per acre, according to plaintiff's appraiser and $775 per acre according to defendant's appraisers) we conclude the lowest price for which the property should be sold in order to realize close to its present value is $675 per acre, or $243,000 for the entire tract. If the property does not sell for at least that price at the public sale, there must be an alternative because plaintiff is entitled to have the partition completed. A reasonable alternative is to provide for a subsequent sale with no minimum price, as in the case of a second sale under execution of judgments as provided in LSA-C.C.P. Art. 2336.
Accordingly, the judgment will be amended to provide that the property must sell for at least $243,000 at the public sale. If the property does not sell for the minimum price, then it shall be offered again at public sale without a minimum price.
The 40-Acre Tract
The present and the highest and best use of the 40-acre tract is growing timber. The property has no road frontage. A railroad track crosses one corner. Plaintiff's expert testified with reason and logic that one 40-acre tract is a more valuable economic unit for growing timber than smaller and perhaps noncontiguous tracts such as would result from dividing this property into five tracts and drawing in the manner prescribed for partitions in kind. Considering proximity or lack of proximity to a public road, it would be difficult to divide the tract into five tracts of equal value and utility. The trial court correctly found that a division in kind would result in a diminution in value and would cause loss or inconvenience to the owners. It follows that the trial court was correct in ordering a partition by licitation.
The appraisers estimated the value of the 40-acre tract at between $300 and $400 per acre. A fair price for this property would not involve nearly as large a sum of money as for the 360-acre tract, nor does the maximum present value of this tract depend on a special limited use of the property as is the case with the 360-acre tract. Considering the demand for tracts of timberland and the greater number of potential buyers for this property, it would seem likely that there will be sufficient competitive bidding to protect each of the owners. Respective bidding power does not loom as so great an obstacle in the case of the 40-acre tract as compared to the 360-acre tract. Accordingly, the same compelling reasons to set a minimum price do not exist.
Conclusion and Decree
For the reasons assigned, the judgment of the district court is amended to provide that the 360-acre tract must bring a minimum price of $243,000 at the public sale to be held to effect the partition; provided, however, that if the property does not bring the minimum price at the first public sale then it shall again be offered at public sale without a minimum price. As amended, the judgment of the district court is affirmed, and the action is remanded to the district court for further proceedings. The cost of *899 appeal shall be paid out of the proceeds of the sales as provided in the district court judgment for other court costs.
Amended, affirmed as amended, and remanded.