HALL, Judge.
Plaintiff, Kasatchie Investors, Inc., filed this suit to partition by licitation a 70-acre tract of land in DeSoto Parish under the provisions of LSA — C.C.P. Arts. 4621, et seq., providing for partition when a co-owner is an absentee. Plaintiff alleged its ownership of an undivided 172/560 interest in the property and alleged that the remaining interests were owned by defendants in the following proportions: Jean Ricks Driver (140/560), Ada Ricks Broussard (140/560), *68 Robert Harland Driver and Jean Ricks Driver (27/560), Joseph Willard Broussard and Ada Ricks Broussard (27/560) and the unknown heirs of Zena Wilson Lewis (54/560). An attorney at law was appointed to represent the absent heirs of Lewis in accordance with LSA — C.C.P. Art. 4623 and notice of publication was ordered in accordance with LSA — C.C.P. Art. 4624. The Driver and Broussard defendants answered, admitting plaintiff’s fractional ownership, alleging they had acquired the interest of the only heir of Lewis and alleging that the property was divisible in kind and should be partitioned in kind. An answer was also filed by the attorney appointed to represent the alleged absentee.
At trial evidence was offered concerning the heirship of the decedent Lewis and concerning the divisibility of the property in kind. In written reasons for judgment the trial court found that one Emmett Lewis, an adopted son, was the sole heir of Zena Wilson Lewis and that he had conveyed his interest in the property to the Driver and Broussard defendants. The court further found that the evidence was conclusive that the property is susceptible of being partitioned in kind “on an acreage basis.” Judgment was rendered decreeing that the plaintiff is the owner of an undivided 172/560 interest in the property and that the Broussard and Driver defendants are the owners of an undivided 388/560 interest. The judgment further ordered a partition in kind of the property and decreed “that the partition is to set aside a tract of land containing 21.5 acres for Kisatchie Investors, Inc. and another tract of land containing 48.5 acres for the defendants, as a unit.” A notary public was appointed to make the partition in accordance with law.
Plaintiff appealed and specifies that the trial court erred: (1) in holding that Emmett Lewis is the sole heir of Zena Wilson Lewis and recognizing title in those who acquired through him; (2) in failing to find that the property should be partitioned by licitation under LSA — C.C.P. Art. 4621 since there was an absentee defendant; and (3) in failing to find that the property was indivisible by its nature and could not be conveniently divided within the meaning the LSA — C.C. Art. 1339 and LSA — C.C.P. Art. 4606.
A certificate of death established that Zena Lewis, whose husband was Solomon Lewis, was born April 10, 1887 and died in Shreveport May 20, 1962. A certified copy of an act of adoption established that Zena Lewis and her husband adopted one Emmett Oliver as their own child. Other evidence established that Emmett Lewis survived his adoptive mother. Although evidence negating the possibility of other heirs of Zena Lewis was meager, the trial court correctly concluded on the basis of the best available evidence and a preponderance of the evidence that Emmett Lewis was the sole heir of Zena Lewis. It was established that Emmett Lewis conveyed all of his interest in the property to the Brous-sard and Driver defendants. It follows that plaintiff did not prove that there was a defendant who is an absentee and who owned an interest in the property as required by LSA — C.C.P. Art. 4625. Accordingly, plaintiff is not entitled to seek a partition by licitation regardless of whether the property is divisible in kind or not under the provisions of LSA — C.C.P. Arts. 4621, et seq.
The evidence on whether the property can be divided in kind without a diminution in value is close. Plaintiff’s expert forester testified that if the 70-acre tract of timberland were divided into smaller tracts, the value of the tracts would be less than the value of the whole because the smaller the tract the less value it has for timber-growing purposes. Other factors weighing against a division in kind were that only one corner of the property fronts on a public road and different parts of the property have different suitabilities for growing timber. Defendants’ expert forester testified that the division of the already relatively small timberland tract into smaller tracts would not have any significant effect on the value of each tract as compared to the value of the whole.
*69 The expert testimony and the trial court’s decision were based on the incorrect premise that if the property was divided in kind plaintiff would receive a 21.5-acre tract and the defendants would receive a 48.5-acre tract. Under the articles of the Civil Code governing partitions in kind, a certain part or parts of the property cannot be set apart or allocated to any one of the co-owners. The property must be divided into lots, which lots are afterward drawn for by the parties. The lots are set apart to the different co-owners by chance, by drawing for them. There must be as many lots as there are shares or roots involved. LSA—C.C. Arts. 1364 and 1367; Pryor v. Desha, 204 La. 575, 15 So.2d 891 (1943); Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931); Tri-State Concrete Company Inc. v. Stephens, 395 So.2d 894 (La.App.2d Cir. 1981); Taylor v. Bell, 155 So.2d 68 (La.App.2d Cir. 1963). The judgment ordering certain tracts set apart or allocated to the respective parties cannot stand.
Because of the fractional ownership involved in this case, to effect a partition in kind the 70-acre tract would have to be divided into multiple smaller tracts, which would have to be drawn for by the plaintiff and defendants. The tracts drawn might or might not be contiguous. The result would be a diminution in value of each tract as related to the value of the whole. Since a partition in kind would result in a diminution of the value of the property and loss or inconvenience to one or more of the owners, the property should be partitioned by Imitation.
For the reasons assigned, the judgment of the district court is affirmed insofar as it decreed the respective ownership interests in the property. Insofar as the judgment ordered a partition in kind it is reversed and set aside and it is now ordered, adjudged and decreed that the property described in the judgment of the district court be sold at public sale to effect a partition by licitation in accordance with law. This action is remanded to the district court for further proceedings. Costs of the appeal are to be borne by the parties in proportion to their respective interests in the property, as the district court judgment provides for other court costs.
Affirmed in part, reversed in part, and remanded.