PONDER, Judge.
This is a suit for partition by licitation of seven plantations[1] located in three parishes.
We held in a previous hearing (346 So.2d 809) that venue was proper in the trial court.
Defendants, some of the co-owners, appealed from the judgment ordering the partition by licitation.
The issues are the applicability of LSA-R.S. 31:178[2] and the sufficiency of evidence required for partition by licitation.
Plaintiffs introduced evidence that a plaintiff owning 80/900 of the properties had donated an 8.88 percent mineral interest to her grandchildren. The mineral interest burdened all but one of the plantations.
Appellants contend that LSA-R.S. 31:178 is inapplicable to the present case due to the fact that the donated mineral rights are relatively insignificant, may soon prescribe and are of no proven value. We find that these arguments are without merit.
*468 Louisiana jurisprudence has held that partition by licitation is the most practical way to deal with “known mineral lands”. Sellwood v. Phillips, 185 La. 1045, 171 So. 440 (1936); Gulf Ref. Co. v. Hayne, 138 La. 555, 70 So. 509 (1915). Under the Mineral Code a showing of the existence of a mineral right created by less than all of the co-owners creates a presumption against partition in kind without regard to the value of the mineral right conferred. Co-Ownership Under the Mineral Code, Twenty Second Annual Institute on Mineral Law, pp. 150, 151 (1975); Patrick v. Johnstone, 361 So.2d 894 (2nd Cir. 1978), writ denied 364 So.2d 600.
In the absence of evidence that the property could be partitioned in kind in accordance with LSA-R.S. 31:178, we find that the trial judge did not err in ordering partition by licitation of the properties burdened by the mineral rights.
This conclusion was supported by expert testimony that the plantations could not equitably and economically be divided into small and narrow parcels required to partition in kind among numerous co-owners with varying percentages of ownership.
The partition of the plantation not burdened by mineral rights, must be made in kind unless it be proved that the property is indivisible by nature or that it cannot be conveniently divided. Louisiana Civil Code Article 1339.[3] A thing cannot be conveniently divided when a diminution of its value or loss or inconvenience to one of the owners would result. Louisiana Civil Code Article 1340.[4]
To effect a partition in kind, the property must be divided into lots which are drawn by the parties. Louisiana Civil Code Articles 1364, 1367.[5] There must be as many lots as there are shares or roots. Kisatchie Investors, Inc. v. Broussard, 397 So.2d 67 (2nd Cir. 1981); Tri-State Concrete Co., Inc. v. Stephens, 395 So.2d 894 (2nd Cir. 1981); Raceland Bank and Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931).
The plantation is relatively small but has about 3500 feet of river frontage. The plantation is currently earning money from the rental of space for anchoring barges.
The expert felt that the greatest value of the property was for industrial use and that division into smaller tracts would result in diminution of value due not only to the loss of revenue but also to the fact that larger tracts are more valuable for industrial use. Giving equal values of property along the river front would be very difficult due to the varying depths of the river.
In light of the expert’s testimony, and the complex fractional ownership involved, we agree that there is sufficient proof of inconvenience and diminution in value. The partition of the plantation should be by licitation.
For these reasons, the trial court’s decision is affirmed at the cost of appellant.
AFFIRMED.

. After judgment a joint motion to dismiss the action as to two of the plantations was filed.

. LSA-R.S. 31:178:
“If land burdened by a mineral right or rights created by fewer than all of the co-owners of the land is judicially partitioned, a partition in kind may not be ordered unless it can be accomplished in such fashion that the allocation of tracts to the co-owners assures that both surface and mineral values of each tract are in the same proportion to the total value of the surface and the mineral rights respectively as each co-owner’s interest bears to the whole of the surface and the mineral rights respectively. Acts 1974, No. 50, § 178, eff. Jan. 1, 1975.”

. La. C.C. Art. 1339:
“When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”

. La. C.C. Art. 1340:
“It is said that a thing can not be conveniently divided, when a diminution of its value, or loss of inconvenience of one of the owners, would be the consequence of dividing it.”

. La. C.C. Art. 1364: '
Whén the deductions have been made, and those to whom the collations were due have received them, as is said in the preceding article, the officer divides what remains into as many equal lots as there are heirs, or roots entitled to a share.
No subdivision of the lots thus formed need be made between the individual coproprietors claiming under the same root.
A partition thus made, even without a subdivision being made of the lots to which each root may be entitled, shall be a definitive partition. (Amended by Acts 1938, No. 407.)”
La. C.C. Art. 1367:
“The lots are formed by experts chosen for that purpose and sworn by the officer charged with the partition, and are afterwards drawn for by the coheirs.”