## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1004

RUDOLPH DEMPSEY, JR., ELIZABETH DEMPSEY GOODLOW,
AND MILLIE HAMILTON HARRIS

VERSUS

AMOS HAMILTON, JR.

Judgment Rendered: **JUN 2 2 2021**

********

Appealed from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 96334

The Honorable Katherine Tess Stromberg, Judge Presiding
********

| | |
|---|---|
| Dwight D. Poirrier<br>Gonzales, LA | Counsel for Plaintiffs/Appellees<br>Rudolph Dempsey, Jr. & Millie Harris |
| Barbara Lane Irwin<br>Timothy E. Pujol<br>Gonzales, LA | Counsel for Plaintiff/Appellee<br>Elizabeth D. Goodlow |
| Jean-Paul Robert<br>Gonzales, LA | Counsel for Defendant/Appellant<br>Amos Hamilton, Jr. |

BEFORE: McDONALD, PENZATO AND LANIER, JJ.

AHP concurs without reasons

McDonald, J. concurs.

**LANIER, J.**

Amos Hamilton, Jr. appeals two judgments of the Twenty-third Judicial District Court, both signed on March 16, 2020. In one judgment, the district court denied a summary motion to enforce compromise and settlement, filed by Mr. Hamilton. In the other judgment, the district court ordered that certain property in dispute between Mr. Hamilton and the appellees, Rudolph Dempsey, Millie Harris, and Elizabeth D. Goodlow, be partitioned by licitation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Dempsey, Ms. Harris, Ms. Goodlow, and Mr. Hamilton were each ¼ undivided co-owners of immovable property in Ascension Parish. The property consisted of three separate tracts, which were commonly referred to as the "Airline property," the "Highway 73 property," and the "Gonzales property."[1] On May 12, 2010, the plaintiffs, Mr. Dempsey, Ms. Harris, and Ms. Goodlow, filed a petition for judicial partition of the property, stating that the parties were unable to amicably agree upon a non-judicial partition.

On November 7, 2018, the parties entered into a written stipulation, in which Mr. Hamilton agreed to buy the plaintiffs' interests in the Gonzales property and was given the right of first refusal to purchase their interests in the Airline property. As to the Highway 73 property, it was to be partitioned according to the "Ollie Marcel Subdivision Map" prepared on August 24, 1990. Mr. Hamilton was to receive several lots on the map, along with the improvements thereon. At the end of the stipulation is written, "Survey map has to be agreed by all parties." The content of this stipulation was reiterated in a judgment signed by the district court

---

[1] The Gonzales property was also referred to as the "Cornerview property" in the consent judgment of November 7, 2018.

on December 5, 2018. In that judgment, the final sentence in the order pertaining to the Highway 73 property was "A survey map will be prepared by Mr. Hamilton at his expense that will be presented to Plaintiffs for approval prior to filing."

Mr. Hamilton had a survey map of the Highway 73 property prepared on January 31, 2019. The survey map shows that on lot 35, there were two trailers and a house purportedly owned by the Goodlows. According to the map, one of the trailers touches the property line that separates lot 35 from other property designated as "Lot Debra Goodlow[,] Shonda Lee." ("Goodlow/Lee" property). The other trailer and the house extend over the property line by several feet.

Mr. Hamilton claimed that according to the consent judgment, along with the survey map, he received lot 35 and the structures thereon; therefore, he owned the structures that were on lot 35. Mr. Hamilton stated in his pretrial memorandum that the "Goodlow heirs" objected to the survey map since it showed their structures crossing over into lot 35.[2] Mr. Hamilton further claimed that the "Goodlow heirs" mistakenly relied on an assessor's map, which inaccurately depicted the location of the property line, when building the structures. The plaintiffs argued that "the Goodlows" were unaware at the time the structures were built in the 1990s exactly where the property line was located, which is why the consent judgment required their acceptance of Mr. Hamilton's survey map to be valid. The plaintiffs also questioned the accuracy of Mr. Hamilton's survey map.

After a trial on March 20, 2019, the district court signed a judgment on April 28, 2019, which denied an oral exception of res judicata made by Mr. Hamilton based on the November 7, 2018 consent judgment. The April 28, 2019 judgment further ordered that the Highway 73 and Airline properties be immediately placed for sale, and if a purchase agreement was not executed for the properties by June

---

[2] It is unclear from Mr. Hamilton's pretrial memorandum if his use of the term "Goodlow heirs" refers to all or some of the plaintiffs.

30, 2019, the properties were then to be placed for judicial sale pursuant to La. C.C.P. art. 4607. The proceeds of the sale were to be placed in the court's registry. This judgment is not subject to the instant appeal.

In its written reasons for the April 28, 2019 judgment, the district court found that the consent judgment of November 7, 2018 was not a final judgment, since it was contingent upon the survey map prepared by Mr. Hamilton being approved by the plaintiffs. Since the survey map showed the property line between lot 35 and the Goodlow/Lee property to be in a location not anticipated by or agreed upon by all parties, the consent judgment was "nullified and was therefore not final" and not a basis for res judicata. The district court also found that Mr. Hamilton's oral exception of res judicata was not proper, as it should have been urged through a written motion.

Mr. Hamilton filed a motion to suspensively appeal the April 28, 2019 judgment on May 3, 2019. Due to an issue with the appeal bond, a supervisory writ was granted by this court to establish the bond.[3] This court also issued a show cause order pertaining to the form of the judgment that was under appeal.[4] The parties then voluntarily dismissed the appeal without prejudice. On October 2, 2019, Mr. Hamilton filed a written peremptory exception raising the objection of res judicata based on the December 5, 2018 judgment. Mr. Hamilton also filed a summary motion to enforce compromise and settlement on December 30, 2019. On January 8, 2020, a partial settlement agreement was filed, indicating that matters concerning the Airline property were settled through mediation.

The remaining matters were retried on January 8, 2020 and February 14, 2020. On March 16, 2020, the district court signed one judgment that denied Mr.

---

[3] *Dempsey v. Hamilton*, 2019-1077 (La. App. 1 Cir. 8/23/19), 2019 WL 4013971.

[4] This court found the April 28, 2019 judgment deficient in that it did not describe the immovable property in question with sufficient particularity, and that it appeared to be a partial judgment without a designation of finality as required by La. C.C.P. art. 1915(B).

4

Hamilton's motion to enforce compromise and settlement, and signed another judgment on the same date that ordered the Highway 73 property be partitioned by licitation. Mr. Hamilton filed an appeal of these two judgments on April 3, 2020.

## ASSIGNMENTS OF ERROR

Mr. Hamilton alleges five assignments of error:

1. The district court erred in failing to enforce the partition settlement agreement perfected between the parties on November 7, 2018, reduced to judgment December 5, 2018.

2. The district court erred in denying Mr. Hamilton's summary motion to enforce compromise and settlement agreement on March 16, 2020.

3. The district court erred in denying Mr. Hamilton's peremptory exception raising the objection of res judicata on March 20, 2019, and again on November 5, 2019.

4. The district court erred in ordering a partition by licitation of property that is clearly susceptible of partition.

5. The Airline Highway property is part of the same settlement agreement from November 7, 2018, and should be considered in conformity with the same agreement.

## DISCUSSION

We must first address the issue of res judicata, since the conclusion of whether res judicata exists determines whether the first and second assignments of error are moot. The written peremptory exception raising the objection of res judicata filed by Mr. Hamilton was denied by the district court on November 19, 2019. The overruling of a peremptory exception is an interlocutory judgment and generally not appealable; however, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to review of the final judgment. See *Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp.*, 2007-2206

5

(La. App. 1 Cir. 6/6/08), 992 So.2d 527, 530-31, writ denied, 2008-1478 (La. 10/3/08), 992 So.2d 1018.

Louisiana's res judicata statute, La. R.S. 13:4231, provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The judgment in question is the December 5, 2018 judgment. As the district court found, both with Mr. Hamilton's oral and written exceptions raising the objection of res judicata, we also find that the judgment in question is not a final judgment. The sentence "A survey map will be prepared by Mr. Hamilton at his expense that will be presented to Plaintiffs for approval prior to filing[,]" constitutes a condition by which the judgment becomes final and executable upon the plaintiffs' approval of the survey map. Since none of the plaintiffs approved the survey map, the judgment was not conclusive between the parties when it was rendered, with the exception of appeal or other review. See Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1080. We therefore find the judgment is not final and does not meet the prerequisite condition of La. R.S. 13:4231. Since the third assignment of error is without merit, we will now address the merits of the first and second assignments of error.

The first two assignments of error relate to the district court's denial of Mr. Hamilton's summary motion to enforce compromise and settlement. The standard of review of a judgment ruling on a motion to enforce settlement is the manifest/clearly wrong standard of review. *Eckstein v. Becnel*, 2017-0868 (La. App. 4 Cir. 6/27/18), 250 So.3d 1046, 1053, <u>writ denied</u>, 2018-1275 (La. 11/5/18), 255 So.3d 1054.

A compromise is a contract whereby the parties, through concessions made by more than one of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. Because a compromise is a contract, the basic requirement of consent to contract must be present. *Harris v. National Union Fire Insurance Company*, 2019-0443 (La. App. 1 Cir. 1/15/20), 311 So.3d 1130, 1137, <u>writ denied</u>, 2020-00396 (La. 6/3/20), 296 So.3d 1067. Consent of the parties to enter into a contract is established through offer and acceptance. <u>See</u> La. C.C. art. 1927. Thus, before a district court can find the existence of a valid written compromise agreement, it must find an offer and an acceptance. *Harris*, 311 So.3d at 1137.

A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. *Cutrer v. Open Range RV Co.*, 2012-2046 (La. App. 1 Cir. 8/13/13), 122 So.3d 1102, 1104. In the instant case, the plaintiffs have clearly not accepted the survey map offered by Mr. Hamilton. By the language contained in the December 5, 2018 judgment, approval of the survey map had to be given prior to its filing into the conveyance records. Until an approved survey map is filed, there is no evidence of an agreement between all the parties as to the boundary line between lot 35 and the Goodlow/Lee property.

The fourth assignment of error suggests that the Highway 73 property was susceptible to a partition in kind, making the court's order to partition the property

by licitation inappropriate. No one can be compelled to hold property with another; a division of a thing held in common may be demanded by the action of partition. The general rule is that partition in kind is favored over partition by licitation. *Tri-State Concrete Co., Inc. v. Stephens*, 406 So.2d 205, 207 (La. 1981). Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La. C.C.P. art. 4606.

The record reflects that the litigation in the instant matter began on May 12, 2010. At the time the judgments on appeal were rendered, the Highway 73 property had been held in indivision by the parties for approximately ten years. The district court noted that in all that time, the parties had been unable to agree on how to partition the property in kind. Although agreements had been reached regarding the Gonzales and Airline properties, the Highway 73 property remained in dispute. The survey map prepared by Mr. Hamilton showed the property line between lot 35 and the Goodlow/Lee property ran through structures that had been built by the Goodlow heirs. Even if the survey map is accepted as accurate, it presents a situation where the property cannot be conveniently divided.

As guidance, we use the case *Thibaut v. Thibaut*, 407 So.2d 466, 468 (La. App. 1 Cir. 1981), <u>writ denied</u>, 409 So.2d 659 (La. 1982). In that case, a plantation, which was subject to partition, had approximately 3,500 feet of river frontage and was earning income from renting space to anchoring barges. The court found that a partition of the plantation into smaller tracts would result in a diminution of value, since giving equal values to the parcels of property would be difficult to determine due to the varying depths of the river. The trial court found that due to the difficulty and inconvenience that would result from a partition in

8

kind, the plantation should be partitioned by licitation. This court affirmed the trial court's decision.[5]

We find a similar set of circumstances in the present case. The survey map prepared by Mr. Hamilton places two buildings built by the "Goodlow heirs" on two pieces of property that would be separately owned: lot 35 and the Goodlow/Lee property. A third building built by the "Goodlow heirs" would be located completely on lot 35. Having two buildings that straddle a property line would diminish the value of both lots, and at the very least be an inconvenience to the owners of the two lots. Therefore, we find that the district court did not abuse its discretion in ordering the partition by licitiation of the Highway 73 property.

The fifth assignment of error relates to an issue with the Airline property. The partial settlement agreement filed on January 8, 2020 reflects a full settlement on the Airline property only. Through mediation, the parties agreed that Mr. Hamilton would have a right of first refusal to purchase one portion of the Airline property, with the remainder of the property being listed for sale at an appraised value. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076. An appeal cannot be taken by a party who voluntarily and unconditionally acquiesced in a judgment rendered against him. La. C.C.P. art. 2085. It is also well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to controversies. *In re E.W.*, 2009-1589 (La. App. 1 Cir. 5/7/10), 38 So.3d 1033, 1036. All parties

---

[5]In another case, *Fairbanks Development, LLC v. Johnson*, 53,427 (La. App. 2 Cir. 4/22/20), 295 So.3d 1279, 1290-91, rehearing denied, writ granted, 2020-1031 (La. 12/8/20), 305 So.3d 865, there was a dispute over property subject to partition as to whether a driveway or a power line right of way formed the property's southern boundary. The two competing proposals for division of the property resulted in problems with access to the main road, the driveway, and a pond. The trial court found that there was no evidence in the record of how the property could be divided into two useable pieces of equal value, and ordered a partition by licitation. The Second Circuit affirmed the trial court. A writ application for certiorari has been granted by the Louisiana Supreme Court, with no disposition as of the date of this opinion.

9

signed this partial settlement agreement on November 26, 2019. With the Airline property issue being completely settled by mediation, it is not appealable.

## DECREE

The Twenty-Third Judicial District Court's March 16, 2020 judgment denying the summary motion to enforce compromise and settlement filed by the appellant, Amos Hamilton, Jr., is affirmed. The March 16, 2020 judgment ordering partition by licitation of the property known as the Highway 73 property is affirmed. All costs of this appeal are assessed to the appellant, Amos Hamilton, Jr.[6]

**AFFIRMED.**

---

[6]The appellees argue in their brief that they are entitled to damages for Mr. Hamilton's frivolous appeal pursuant to La. C.C.P. art. 2064. (Appellees' brief, p. 23). The proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross-appeal, and an appellee's brief does not constitute an answer or appeal for purposes of requesting frivolous appeal damages. See *St. Philip v. Montalbano*, 2016-0254 (La. App. 1 Cir. 10/31/16), 206 So.3d 909, 916, writ denied, 2016-2110 (La. 1/13/17), 215 So.3d 255; see also *An Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, 2016-1011 (La. App. 4 Cir. 3/30/17), 216 So.3d 833, 844, writ denied, 2017-0815 (La. 6/29/17), 222 So.3d 48. We will therefore not consider the appellees' request for frivolous appeal damages.